UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. SOUSA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRED SCHAKEL, et al.,<br><br>　　　　Defendants.<br><br>　　v.<br><br>SOUTH LAKES DAIRY FARM, a California general partnership,<br><br>　　　　Debtor. | No. 1:22-cv-00199-DAD<br><br>ORDER GRANTING DEFENDANTS' MOTION TO WITHDRAW REFERENCE<br><br>(Doc. No. 1) |

This matter is before the court on a motion to withdraw the reference of an adversary proceeding to the United States Bankruptcy Court for the Eastern District of California ("bankruptcy court") pursuant to 28 U.S.C. § 157(d), (e). (Doc. No. 1.) The pending motion was filed on February 17, 2022 by defendants Audrey Schakel, Manuel Rodrigues, Ryan Schakel, Fred Schakel, Schakel Family Partnership, L.P., SLD GP, LLC, Patricia Rodrigues, South Lakes Dairy, L.P., and Kristin Schakel (collectively, "defendants"). (Doc. No. 1.) For the reasons set forth below, the court will grant defendants' motion to withdraw reference.

/////

1

## BACKGROUND

On December 11, 2018, South Lakes Dairy Farm ("debtor") filed a petition for bankruptcy relief under Chapter 7 of Title 11 of the United States Code. (Doc. No. 1 at ¶ 4.) Plaintiff David Sousa was appointed trustee of the debtor's estate. (*Id.* at ¶ 5.) On June 5, 2020, plaintiff initiated an adversary proceeding, *Sousa v. Fred and Audrey Schakel as Trustees of the Schakel Family Trust*, No. 1:20-ap-01034 (Bankr. E.D. Cal. 2022), against defendants. (*Id.* at ¶ 6.) Plaintiff's first amended complaint sets forth the following causes of action against the various named defendants: (1) breach of fiduciary duty; (2) gross negligence; (3) conversion; (4) unjust enrichment; (5) avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. § 548(a), (b); (6) determination of liability of general partners under 11 U.S.C. § 723; and (7) declaratory relief. (*Id.* at 11, 27–44.)

Discovery has concluded in the adversary proceeding, and the bankruptcy court has denied defendants' dispositive motion in that proceeding. (*Id.* at ¶¶ 10–11.) On February 17, 2022, defendants filed in this court a motion to withdraw this court's reference of the adversary proceeding to the bankruptcy court. (Doc. No. 1.) On February 17, 2022, the Deputy Clerk of the bankruptcy court issued a notice of the filing of the pending motion and instructed the parties that the "parties may file with the Clerk of the Bankruptcy Court . . . their written responses to the Motion to Withdraw the Reference within 10 days of the date of this notice." Notice of Filing of Mot./Appl. for Withdrawal of Reference, Doc. No. 134 at 1, *Sousa v. Fred and Audrey Schakel as Trustees of the Schakel Family Trust,* No. 1:20-ap-01034 (Bankr. E.D. Cal. Feb. 17, 2022). Plaintiff did not file an opposition to the pending motion.

## LEGAL STANDARD

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, "district courts have original jurisdiction over bankruptcy cases and related proceedings," but "'each district court may provide that any or all' bankruptcy cases and related proceedings 'shall be referred to the bankruptcy judges for the district.'" *Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015) (quoting 28 U.S.C. § 157(a)); 28 U.S.C. § 1334(a), (b). This court has thus referred all bankruptcy matters to the district's bankruptcy judges. *See* General Orders 182, 223.

Nonetheless, a district court may "withdraw, in whole or in part, any case or proceeding referred" to the bankruptcy judges under 28 U.S.C. § 157(a) "for cause shown." 28 U.S.C. § 157(d). "Withdrawal of the reference is . . . required in instances where a defendant who is entitled to a jury trial does not consent to the holding of such trial in the Bankruptcy Court." *In re Casmiro*, No. 1:06- 2006 WL 1581897, at *4 (E.D. Cal. June 6, 2006); *see also In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) ("[B]ankruptcy courts cannot conduct jury trials on noncore matters, where the parties have not consented.").

## ANALYSIS

Defendants contend that withdrawal is mandatory in this adversary proceeding because they are entitled to a jury trial on each of the claims asserted in plaintiff's first amended complaint and because defendants do not consent to the bankruptcy court presiding over the jury trial. (Doc. No. 1 at ¶¶ 13, 25–26.) Defendants demanded a jury trial in their answer to plaintiff's first amended complaint, and they argue that their pending motion is timely because "even where a party is entitled to a trial by jury in the district court, the bankruptcy court may retain jurisdiction for pretrial matters and discovery." (*Id.* at 62, ¶ 29.) *See In re Healthcentral.com*, 504 F.3d 775, 878 (9th Cir. 2007) ("[A]llowing the bankruptcy court to retain jurisdiction over *pre-trial matters*[] does not abridge a party's Seventh Amendment *right to a jury trial*.") (emphasis in original); *Bell v. Lehr*, No. 2:13-cv-02483-MCE-KJN, 2015 WL 4602895, at *1 (E.D. Cal. July 29, 2015) ("The Court previously determined that a motion to withdraw reference was premature because the pretrial proceedings should be handled by the bankruptcy court. As the pretrial proceedings have since concluded, the Court finds that withdrawal of the reference is timely.") (internal citation omitted).

The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. Whether a claim is entitled to a trial by jury depends on two questions: "first, whether this action or its analog was historically tried to juries at the time the Seventh Amendment was adopted in 1791, and then, whether the relief sought is legal or equitable in

/////

3

nature." *Malone v. Norwest Financial California, Inc.*, 245 B.R. 389, 399 (E.D. Cal. 2000) (citing *Tull v. United States*, 481 U.S. 412, 417–18 (1987)).

It is apparent that defendants are entitled to a trial by jury on at least some of the causes of action asserted in plaintiff's operative complaint, including plaintiff's claims of fraudulent transfer and gross negligence. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 64 (1989) (holding that defendants are entitled to a jury trial on fraudulent transfer claims); *Ross v. Bernhard*, 396 U.S. 531, 542–43 (1970) (describing "gross negligence" as a legal claim to which a party is entitled to a jury trial). Accordingly, it is immaterial whether some of plaintiff's claims asserted in the adversary proceeding are equitable. *Compare In re Central Valley Processing, Inc.*, No. 1:05-cv-1153-AWI-LJO, 2006 WL 1628265, at *2, *5 (E.D. Cal. June 8, 2006) (describing the "general rule that a claim for breach of fiduciary duty is an equitable claim that does not implicate a jury trial right" but noting that actions "seeking money damages for a breach of contract are generally considered actions at law" as to which the right to a trial by jury applies), *with In re Cinematronics, Inc.*, 916 F.2d at 1447–48 (finding that a third-party defendant had a Seventh Amendment right to a jury trial where claims included, *inter alia*, both breach of contract and breach of fiduciary duty), *and Ross v. Bernhard*, 396 U.S. at 542–53 (finding that where a party's claim is "at least in part, a legal one . . . . it is unnecessary to decide whether the [party's] other claims are also properly triable to a jury").

## CONCLUSION

For the reasons stated above, defendants' motion to withdraw reference is granted. The reference to the bankruptcy court is withdrawn as to the entire adversary proceeding, and the jury trial in this action will be conducted in the district court. The parties are directed to file a joint status report within 14 days of the entry of this order so that the court may set a final pretrial conference and a trial date, and/or set a status conference in this action if the parties believe that the holding of a status conference would be more helpful to bringing this action to its conclusion.

IT IS SO ORDERED.

Dated: **April 5, 2022**  
UNITED STATES DISTRICT JUDGE

4